**E-FILED**
Friday, 30 March, 2007 10:08:13 AM
Clerk, U.S. District Court, ILCD



MAR 2 9 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRIC COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN D. RING,                    )
                                 )
      Plaintiff,                 )
                                 )
VS                               )   CASE NO. 07-3086
                                 )
JUDGES: TERENCE T. EVANS,        )
J. L. COFFEY, D. S. SYKES,       )
H. A. BAKER,                     )
                                 )
      Defendants.                )

APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES AND AFFIDAVIT

NOW comes Plaintiff, John D. Ring, pro se with his Application to proceed without prepayment of fees and Affidavit, to be appended his 42 U.S.C. §§ 1985, 1986 Complaint. This Application is pursuant 28 USC § 1915 a,1,2,

I declare that I am unable to pay the cost of these proceedings and that I am entitled to the relief sought in this §§ 1985, 1986 Complaint.

TO THE COURT: 28 U.S.C. § 1915 et. seq. does not apply to the Plaintiff, a patient of Dr. Stanislaus in a civil commitment with a mental disability under the Sexually Dangerous Person Act, 725 ILCS 205/1.01 et.seq., (see §§ 1985 1986 Complaint, page 8, sec.4).

In support of this Application, the Plaintiff states the following under penalty of perjury:

1. Plaintiff is civilly confined to the Big Muddy River Correctional Institution. I am not employed at this institution and I receive no payment from this institution. The Plaintiff is indigent.

*1*

2. In the past 12 months, Plaintiff has received no income from any source.

3. The Plaintiff has no cash, checking or saving accounts.

4. The Plaintiff does not own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any valuable properties.

5. The Plaintiff has no dependants.

I declare under penalty of perjury that the above information is true and correct.

John D. Ring
B-29085,  4-B-21
P.O. Box 900
Ina, Il. 62846

Subscribed and sworn before
me this 27 day of Feb 2007.

NOTARY PUBLIC

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

2

# CERTIFICATE

THIS SECTION FOR COMPLETION BY THE PLAINTIFF/PETITIONER

Name of Plaintiff/Petitioner: JOHN D. RING

Institution where confined: BIG MUDDY RIVER CORRECTIONAL CENTER

Register number: B-29085 HOUSING 4-B-21

---

THIS SECTION IS FOR COMPLETION BY AN AUTHORIZED OFFICER
OF THE ABOVE-NAMED INSTITUTION ONLY

Instructions: The plaintiff/petitioner may not write below this line. Please complete the following certificate for the plaintiff/petitioner named and described above. PURSUANT TO 28 U.S.C. § 1915(a)(2), PLEASE ATTACH A PRINT-OUT OF ALL TRANSACTIONS FOR THIS PERSON'S ACCOUNT FOR THE PAST SIX MONTHS.

I hereby certify that John D. Ring currently has the sum
(Name of plaintiff/petitioner)

$ <-318.60> on account to his credit at Big Muddy River Correctional Center
(Institution where confined)

| | | |
|---|---|---|
| In the first calendar month immediately preceding the date of this certificate, plaintiff/petitioner had a maximum balance of | $ 2.84 | |
| ..................................and a minimum balance of | | $ 2.21 |
| In the second calendar month, had a maximum balance of | $ 2.21 | |
| ..................................and a minimum balance of | | $ .71 |
| In the third calendar month, had a maximum balance of | $ | |
| ..................................and a minimum balance of | | $ |
| In the fourth calendar month, had a maximum balance of | $ | |
| ..................................and a minimum balance of | | $ |
| In the fifth calendar month, had a maximum balance of | $ 2.41 | |
| ..................................and a minimum balance of | | $ .71 |
| In the sixth calendar month, had a maximum balance of | $ | |
| ..................................and a minimum balance of | | $ |

I certify that the plaintiff/petitioner likewise has the following securities to his credit according to the records of the institution.

DATED: 2/15/07

[signature]
Signature of Authorized Officer
of the above Institution

Rev. 8/96

# Big Muddy River Correctional Center
## Trust Fund
### Inmate Transaction Statement

REPORT CRITERIA - Date: 08/01/2006 thru End; Inmate: B29085; Active Status Only ? : No; Print Restrictions ? : Yes; Transaction Type: All Transaction Types; Print Furloughs / Restitutions ? : Yes; Include Inmate Totals ? : Yes; Print Balance Errors Only ? : No

**Inmate: B29085 Ring, John D.** **Housing Unit: BMR-04-B -21**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | **Beginning Balance:** | | **2.84** |
| 08/28/06 | Disbursements | 81 Legal Postage | 240331 | Chk #72548 | 84982, DOC: 523 Fund Inmate Re, Inv. Date: 08/21/2006 | -.63 | 2.21 |
| 09/14/06 | Disbursements | 81 Legal Postage | 257331 | Chk #72665 | 86130, DOC: 523 Fund Inmate Re, Inv. Date: 09/07/2006 | -1.50 | .71 |
| 01/12/07 | Payroll | 20 Payroll Adjustment | 012138 | | P/R month of 12/2006 | 1.70 | 2.41 |

| | |
|---|---|
| **Total Inmate Funds:** | 2.41 |
| **Less Funds Held For Orders:** | .00 |
| **Less Funds Restricted:** | 321.01 |
| **Funds Available:** | -318.60 |
| **Total Furloughs:** | .00 |
| **Total Voluntary Restitutions:** | .00 |

**RESTRICTIONS**

| Invoice Date | Invoice Number | Type | Description | Vendor | Amount |
|---|---|---|---|---|---|
| 01/24/2005 | 50064 | Disb | B29085 Library | 2 DOC: Library Copies | $47.90 |
| 06/01/2005 | 58402 | Disb | B29085 Library | 2 DOC: Library Copies | $22.70 |
| 08/08/2005 | 61807 | Disb | B29085 Library | 2 DOC: Library Copies | $28.70 |
| 09/12/2005 | 63671 | Disb | B29085 Library | 2 DOC: Library Copies | $40.60 |
| 11/22/2005 | 67368 | Disb | Library | 2 DOC: Library Copies | $33.60 |
| 12/05/2005 | 68101 | Disb | Library | 2 DOC: Library Copies | $31.00 |
| 12/20/2005 | 69632 | Disb | Library | 2 DOC: Library Copies | $15.40 |
| 01/24/2006 | 71642 | Disb | Library | 2 DOC: 523 Fund Library | $16.50 |
| 08/31/2006 | 85892 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $2.31 |
| 09/07/2006 | 86191 | Disb | Library | 2 DOC: 523 Fund Library | $9.70 |
| 09/13/2006 | 86508 | Disb | Library | 2 DOC: 523 Fund Library | $1.20 |
| 09/18/2006 | 86756 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $3.03 |
| 09/18/2006 | 86916 | Disb | Library | 2 DOC: 523 Fund Library | $1.10 |
| 09/28/2006 | 87514 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $2.79 |
| 10/02/2006 | 87783 | Disb | Library | 2 DOC: 523 Fund Library | $6.00 |
| 10/05/2006 | 87881 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $2.83 |
| 10/17/2006 | 88418 | Disb | Library | 2 DOC: 523 Fund Library | $4.90 |
| 10/26/2006 | 89018 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $2.31 |
| 11/02/2006 | 89340 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $2.31 |
| 11/09/2006 | 89582 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $1.26 |
| 11/16/2006 | 90080 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $1.35 |
| 11/27/2006 | 90468 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $1.11 |
| 12/11/2006 | 91497 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $0.87 |
| 12/18/2006 | 91874 | Disb | Legal Postage | 99999 DOC: 523 Fund Inmate Reimburseme | $1.74 |
| 02/01/2007 | 94428 | Disb | Library Copies | 2 DOC: 523 Fund Library | $4.10 |

**Date:** 2/14/2007

**Time:** 12:01pm

d_list_inmate_trans_statement_composite

**Big Muddy River Correctional Center**
**Trust Fund**

Inmate Transaction Statement

REPORT CRITERIA  -  Date: 08/01/2006 thru End;      Inmate: B29085;      Active Status Only ? : No;      Print Restrictions ? : Yes;
Transaction Type: All Transaction Types;      Print Furloughs / Restitutions ? : Yes;      Include Inmate Totals ? : Yes;      Print
Balance Errors Only ? : No

**Inmate: B29085 Ring, John D.**                    **Housing Unit: BMR-04-B -21**

RESTRICTIONS

| Invoice Date | Invoice Number | Type | Description | Vendor | Amount |
|---|---|---|---|---|---|
| 02/14/2007 | 95251 | Disb | Library | 2 DOC: 523 Fund Library | $33.70 |
| 02/14/2007 | 95315 | Disb | Medical Co-Pay | 99999 DOC: 523 Fund Inmate Reimburseme | $2.00 |
| | | | | **Total Restrictions:** | $321.01 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

John D. Ring                    )
          Plaintiff             )
                                )
      v                         )
                                )          Case No.
Judges:  Terence T. Evans,      )
J.L. Coffey, D.D. Sykes,        )
H.A. Baker                      )
          Defendants            )

## AFFIDAVIT

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I, John D. Ring, declare under penalty of perjury, that the following stated information is true and correct.

1.  I am currently confined to the Big Muddy River Correctional Center at P.O. Box 900, Ina, IL  62846.

2.  The Big Muddy River Law Library where all legal work is researched, processed, copied, notarized and mailed was closed for approximately 6 months in the year 2006.

3.  When the Law Library reopened, in an attempt to meet my statutory deadline of February 21, 2007, I arranged with the Law Library to have the following documents researched, processed, copied, notarized and mailed on the 15th of February, 2007.
     A)  42 USC §§ 1985, 1986 Complaint.
     B)  Application to proceed without prepayment of fees and affidavit.

4.  I requested Certification of my Trust Fund Account from the Big Muddy River Trust Fund Office to coincide with the Law Library's pre-arranged legal mailing on the 15th of February, 2007.  The Certificate is officially dated 2/15/07.  However, inter-prison mail did not

1

deliver the Certification until 2/18/07.  The next available window for legal mail at the Law Library was on 2/27/07, which is well past the February 21, 2007 statutory deadline.  Subsequently, the Complaint was mailed on 2/15/07 and the Application to Proceed without prepayment of fees was mailed 2/27/07.

5.   The Appended Request for Payment proves the Complaint was mailed on 2/15/07.  Inter-prison mail actually mailed the Complaint on 3/13/07, 26 days after the Complaint was placed in the inter-prison Legal Mail.

The application to proceed without prepayment of fees was mailed on 2/27/07.  Inter-prison legal mailed the application on 3/1/07, 2 days later and was received by the Central District Court on 3/2/07.  The Central District Court returned the application post-marked on 3/7/07.  I received the returned application on 3/20/07, or 12 days after inter-prison legal mail received the application.

The Big Muddy River inter-prison legal mail is far from perfect. My complaint was mailed to conform with the statutory deadline of 2/21/07, subject to the limitations imposed by the Big Muddy River Institution.

John D. Ring
B29085, 4-B-21
P.O. Box 900
Ina, IL  62846-0900

Subscribed and sworn before me this 22 day of March, 2007.

_____
Notary Public

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

2



# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

JOHN M. WATERS
CLERK OF COURT

TEL: 217.492.4020
FAX: 217.492.4028

### OFFICE OF THE CLERK
151 U.S. COURTHOUSE
600 EAST MONROE STREET
SPRINGFIELD, ILLINOIS 62701

March 7, 2007

John Ring  B-29085
4-B-21
PO Box 900
Ina, IL  62846

Enclosed are documents we received from you through the mail on March 2, 2007.  They contain an original Application to Proceed without Prepayment of Fees and Affidavit along with two copies of the same.

In your cover letter you state you sent a complaint that was mailed to us February 15, 2007.  If our office received such documents they would have been returned to you because they did not include either the $350.00 filing fee or an Application to Proceed without Prepayment.  I am therefore returning the enclosed IFP forms for you to resubmit with your complaint.

Our office can not accept pieces of the complaint package.  Documents supporting a new complaints need to arrive as one entity.  When you have all your documents together please resubmit them as ONE package.

Sincerely,

B Hensen

Deputy in Charge

ORIGINAL

+

2 COPIES

RECEIVED

MAR 0 2 2007

U.S. CLERK'S OFFICE
SPRINGFIELD, ILLINOIS

# REQUEST FOR PAYMENT

### STATE OF ILLINOIS
### DEPARTMENT OF CORRECTIONS

Date: 2-15 19 07

Name: (print): RING    I.D No.: B-29085    Housing Unit: 4-B-21

Please pay to: _____

Address: _____

City: _____ State: _____ Zip: _____

The sum of _____ dollars and _____ cents

and charge to my account for U.S. CENTRAL DISTRICT COURT

☐ APPROVED

☐ NOT APPROVED

         Inmate Signature _____ ID No. _____

Assistant Warden/Superintendent/Designee    Witness

**REQUEST FOR PAYMENT OF POSTAGE**
I hereby request and authorize payment of
postage for the attached mail.

John D. Ring
           Inmate Signature
ID No. B-29085

**FOR TRUST FUND USE ONLY**
Trust Fund Balance      $
Less amount of payment   $ 16.70
Current balance after payment $
Check No. _____ Date 3-13-07

           Business Office

**REQUEST FOR PAYMENT OF POSTAGE**
Postage requested
in the amount of _____ 16 dollars 70 cents

☐ Postage Paid    Legal

**FOR JUVENILE DIVISION USE ONLY**
Received by: _____ (Staff) _____ Date
Received by: _____ (Youth) _____ Date

DC 828 (09/91)

3-13-07

---

# REQUEST FOR PAYMENT

### STATE OF ILLINOIS
### DEPARTMENT OF CORRECTIONS

Date: 2-27 19 07

Name: (print): RING    I.D No.: B-29085    Housing Unit: 4-B-21

Please pay to: _____

Address: _____

City: _____ State: _____ Zip: _____

The sum of _____ dollars and _____ cents

and charge to my account for U.S. CENTRAL DISTRICT COURT

☐ APPROVED

☐ NOT APPROVED

         Inmate Signature _____ ID No. _____

Assistant Warden/Superintendent/Designee    Witness

**REQUEST FOR PAYMENT OF POSTAGE**
I hereby request and authorize payment of
postage for the attached mail.

John D. Ring
           Inmate Signature
ID No. B-29085

**FOR TRUST FUND USE ONLY**
Trust Fund Balance      $
Less amount of payment   $ 1.59
Current balance after payment $
Check No. _____ Date 3/1/07

           Business Office

**REQUEST FOR PAYMENT OF POSTAGE**
Postage requested
in the amount of _____ 1 dollars 59 cents

☐ Postage Paid   3-1-07   Legal

**FOR JUVENILE DIVISION USE ONLY**
Received by: _____ (Staff) _____ Date
Received by: _____ (Youth) _____ Date

DC 828 (09/91)

3-1-07

CENT
UNITED

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
600 E. MONROE-ROOM 151
SPRINGFIELD, IL 62701



Hasler

012H6205609
$01.590
03/07/2007
Mailed From  62701
US POSTAGE

Feb. 20 2007

Central District of Illinois
Office of the Clerk
U.S. Distric Courthouse
600 East Monroe, Room151
Springfield, Il. 62701

RE: 42 U.S.C. §§ 1985, 1986
     Complaint, RING-V-EVANS, ET.AL.

Dear Sir;

      As indicated in my letter of Feb. 15, 2007 and the enclosed
copy of the proof of service, the above mention complaint was
served on this Court.


      X  In regards to this complaint the plaintiff files the enclosed
Application to proceed without prepayment of fees and Affidavit.


                              Sincerely
                              John D. Ring
                              John D. Ring
                              B-29085, 4-B-21
                              P.O. Box 900
                              Ina, Il. 62846

February 15, 2007

Central District of Illinois
Office of the Clerk
U.S. District Court
151 U.S. Courthouse
600 E. Monroe, Room 151
Springfield, IL  62701

RE:  42 U.S.C. § § 1985, 1986 Complaint,
     <u>Ring v Terance, et., al.</u>

Dear Sir:

Enclosed you will find an original and copy of the above complaint
for the U.S. Central District Court.  Also, there are four (4)
additional copies of the complaint for each Defendant.

The Plaintiff will send a Motion In Forma Pauperis as soon as the
Correctional Institution complies with my request for Certification
of my Trust Fund Account.

                            Sincerely,

                            John D. Ring

                            John D. Ring
                            #B29085 4-B-21
                            P.O. Box 900
                            Ina, IL  62846-0900

IN THE
UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

John D. Ring                              )
_____           )
Plaintiff,                                )
           v                              )    Case No. _____
Judges Terence T. Evans,                  )
J.L. Coffey                               )
D.S. Sykes,                               )
H.A. Baker                                )
_____           )
Defendant

---

### PROOF/CERTIFICATE OF SERVICE

TO:  Central District of ILL.
     Office of the Clerk              TO: _____

     U.S. District Court                 _____
     151 U.S. Courthouse                 _____

     600 E. Monroe, Rm. 151              _____
     Springfield, IL  62701

PLEASE TAKE NOTICE that on _____2-15-_____, 20_07_, I have placed the
documents listed below in the institutional mail at _Big Muddy_ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service:

_____A 42 U.S.C. § § 1985, 1986 COMPLAINT_____

_____

_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: _2-15-07_                    /s/ _John D. Ring_
                                   NAME: John D. Ring
Subscribed and sworn before me this   IDOC#: B-29085
_15_ day of _Feb_ _2007_           Big Muddy  Correctional Center
                                   P.O. BOX 900
NOTARY PUBLIC                      Ina _____, IL  62846

"OFFICIAL SEAL"
Martin Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

Revised Jan 2002

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN D. RING
_____        )
    Plaintiff,        )
            )    Case No. _____
    v.        )
JUDGES; TERENCE T. EVANS        )
J.L. COFFEY, D.S. SYKES, H.A. BAKER        )
_____        )
    Defendant        )

## PROOF/CERTIFICATE OF SERVICE

TO:  CENTRAL DISTRICT OF ILL.      TO:_____
    OFFICE OF THE CLERK
    U.S. DISTRICT COURT        _____
    151 U.S. COURTHOUSE        _____
    600 E. MONROE, RM. 151    _____
    SPRINGFIELD, ILL. 62701

PLEASE TAKE NOTICE that on ____2-27-07____, 20___, I have placed the
documents listed below in the institutional mail at _BIG MUDDY_ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service:

____APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES____
____AND AFFIDAVIT____

_____.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: ____2-27-07____

                         /s/ _John D. Ring_
Subscribed and sworn before me this    NAME: _JOHN D. RING_
                            IDOC#: _B-29085_
_27_ day of _Feb_ , _2007_    _BIG MUDDY_ Correctional Center
                            P.O. BOX _900_
NOTARY PUBLIC                _INA_ , IL _62846_

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

Revised Jan 2002

IN THE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN D. RING
  Plaintiff,                          )
                                      )
                                      )   Case No. _____
           v.                         )
                                      )
JUDGES; TERENCE T. EVANS,             )
J.L COFFEY, D.S. SYKES, H.A. BAKER    )
  Defendant                           )

## PROOF/CERTIFICATE OF SERVICE

      B. HANSEN
      DEPUTY IN CHARGE
TO:   U S DISTRICT COURT            TO: _____
      CENTRAL DISTRICT OF ILL.          _____
      OFFICE OF THE CLERK              _____
      151 U.S. COURTHOUSE             _____
      600 EAST MONROE ST.             _____
      SPRINGFIELD, ILL. 62701

PLEASE TAKE NOTICE that on _____3-22-07_____, 20___, I have placed the
documents listed below in the institutional mail at __BIG MUDDY__ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service:

  AFFIDAVIT, APPLICATION TO PROCEED WITHOUT PREPAYMENT

  OF FEES AND AFFIDAVIT

_____.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: ___3-22-07___                  /s/ _John D. Ring_
                                     NAME: __JOHN D. RING__
                                     IDOC#: __B-29085__
Subscribed and sworn before me this  BIG MUDDY Correctional Center
22nd day of March, 2007              P.O. BOX 900
_____            __INA__, IL _62846_
NOTARY PUBLIC

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

Revised Jan 2002

E-FILED
Friday, 30 March, 2007 10:08:25 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN D. RING,
       PLAINTIFF           )
                            )
                            )
      vs.               )
                            )     CASE NO.
                            )
JUDGE TERENCE T. EVANS,   )
JUDGE JOHN L. COFFEY      )
JUDGE DIANE S. SYKES      )
JUDGE HAROLD A. BAKER     )
       DEFENDANTS       )

COMPLAINT

1) A 42 U.S.C. § 1985 suit against Federal Judges for Constitutional violations of the 1st, 5th, 6th, and 14th amendments by Conspiracy and Obstructing justice by their decisions that have no subject matter jurisdiction.

2) A 42 U.S.C. § 1986 suit against Federal Judges in an action for neglect to prevent Constitutional violations of the 1st, 5th, 6th, and 14th amendments by Conspiracy and Obstructing justice in their decisions that have no subject matter jurisdiction.

3) A 18 U.S.C. § § 241, 242, Civil Rights Act, suit against Federal Judges in Conspiracy against Constitutional Rights and a deprivation of Civil Rights while acting under color of Law.

Now comes the Plaintiff, John D, RING, pro se, and states as follows;

I, John D. Ring, is currently a patient at the Illinois Big Muddy Correctional Center under a civil commitment pursuant the Sexually Dangerous Person ACT, ( SDP Act ) 725 ILCS 205/ 1.01 ET. SEQ. Address is John D. Ring, # B-29085, 4-B-21, P.O. Box 900 Ina, Ill. 62846.

The Defendant Judge Harold A. Baker, United States Central District Court of Illinois, Springfield Division, 600 E. Monroe St., 151

U.S. Courthouse Springfield Ill. 62701. Presiding over 42 USC §
1983s 01-3261 and 03-3256.

The Defendant Judge Terence T. Evans, U.S. Seventh Circuit
Court of Appeals, 219 S. Dearborn St., Chicago, Illinois, 60604-
1874. Presiding over Appeals 03-1257 and 04-1487.

The Defendant Judge John L. Coffey, U.S. Seventh Circuit Court
of Appeals, 219 S. Dearborn St., Chicago, Illinois, 60604-1874.
Presiding over appeal 04-1487.

The Defendant Judge Diane S. Sykes, U.S. Seventh Circuit Court
of Appeals, 219 S. Dearborn St., Chicago, Illinois, 60604-1874.
Presiding over appeal 04-1487.

## APPLIED STATUTES

Title 42 U.S.C. § 1985

Obstructing justice:  If two or more persons conspire for the
purpose of impeding, hindering, obstructing, or defeating, in any
manner, the due course of justice in any State, with intent to deny
to any citizen the equal protection of the laws, or to injure him
for lawfully enforcing, or attempting to enforce, the right of any
person, or class of persons, to the equal protection of the law.

Conspiracy:  In any case of conspiracy set forth in this section,
if one or more persons engaged therein do, or cause to be done, any
act in furtherance of the object of such conspiracy, whereby another
is injured in his person or property, or deprived of having and
exercising any right or privilege of a citizen of the United States,
the party so injured or deprived may have an action for the
recovery of damages occasioned by such injury or deprivation,
against any one or more of the conspirators.

-2-

Title 42 U.S.C. § 1986

Action for neglect to prevent:  Every person who, having know-
ledge that any of the wrongs conspired to be done, and mentioned in
section 1985 of this title, are about to be committed, shall be
liable to the party injured, or his legal representatives, for all
damages caused by such wrongful act, which such person by reasonable
diligence could have prevented, and such damages may be recovered in
an action on the case; and any number of persons guilty of such
wrongful neglect or refusal may be joined as Defendants in this action.

Title 18 U.S.C. § 241

Conspiracy Against Rights:  If two or more persons conspire to
injure, oppress, threaten or intimidate any person in any State or
District in the free exercise or enjoyment of any right or privilege
secured to him by the Constitution or Laws of the United States, or
because of his having so exercised the same, they shall be fined
under this title or imprisoned not more than ten (10) years, or both.

Title 18 U.S.C. § 242

Deprivation of Constitutional Rights under Color lf Law: Making
one who, acting under color of any statute, subjects or causes to be
subjected any citizen or other person within Jurisdiction of the
United States to drprivation of any rights, privileges, or immunities
secured by Federal Constitution and Laws, liable to party injured in
action at law, making such conduct a criminal offense.

JURISDICTION

Title 28 U.S.C. § 1343 A 1, 2, 3

District Courts shall have original jurisdiction of any civil
action authorized by law to be commenced by any person:

-3-

1)  For the deprivation of any right or privilege or to recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in Section 1985 of Title 42;

2)  To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in Section 1985 of Title 42 which he had knowledge were about to occur and had power to prevent;

3)  To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the constitution of the United States, of all persons within the jurisdiction of the United States.

## JURISDICTIONAL STATEMENT

The Plaintiff brings this action pursuant to 42 U.S.C. § § 1985, 1986 and 18 U.S.C. § § 241. 242 proving multiple criminal, constitutional and civil violations by the Defendants.  The Plaintiff is seeking relief in accordance with the above statutes, for the Defendants, by perjury, have obstructed justice in an action for neglect to prevent a conspiracy in official capacities under color of law, originating in 42 U.S.C. § 1983's No. 01-3261 and 03-3256. Therefore, the District Court has jurisdiction over this case under 38 U.S.C. § 1343 A 1, 2, and 3.

This timely filed complaint (see page 224) cannot be dismissed when Federal Jurisdiction is established and stated by the Plaintiff. Tarkowski, 644 F.2d 1207, quoting Littleton v Berbling, 468 F.2d 389 (7th Circuit 1972)


## LITIGATION HISTORY

1.  42 U.S.C. § 1983's No. 01-3261 and 03-3256.  Corresponding Appeals 03-1257 and 04-1487.

2.  42 U.S.C. § § 1985, 1986, Case No. 04-753-GPM.

All decisions in the above cases have no Subject Matter Juris-
diction, which is the foundation of this complaint.  For litigation,
defendants, decisions, see Certioraris pp. 120-223 and 225-335.

### STANDARD OF REVIEW

The Standard of Review is De Novo.  To dismiss a complaint In
Forma Pauperis on ground that it is frivolous must be properly
reviewed for abuse of discretion or as proven in this case, an
outright violation of the State and Federal Civil Statutes,
Constitutional Rights, Civil Rights by Perjury, Obstruction of Justice
and Conspiracy. Dention v Hernandez, 112 S. Ct. 1728 (U.S. Cal. 1992)
(See pages 70-71 for complete Standard of Review)

### STATEMENT OF THE CASE

The decisions in the Certiorari pages 150-159 are based on the
decisions of Ring v Appleton, 01-CV-3261 or the Certiorari pp. 225-
335, which was appended to the Appellant B rief, pp. 63-88.

Plaintiff's claims, seeking injunctive relief as well as
compensatory and punitive damages are based on Civil and Constitu-
tional Rights of the 1st, 5th, 6th, and 14th Amendments, applying
to both § 1983 actions, Ring v Appleton and Ring v Knecht.  The
Plaintiff filed two Recovery Petitions pursuant to the Illinois
Sexually Dangerous Persons Act (S.D.P. Act) 725 ILCS 205/9.  The
Recovery Petitions were backed by an independant licensed psychiatrist
seeking Plaintiff's discharge from Civil confinement under the S.D.P.
Act, 725 ILCS 205/1.01 et. seq.  The Plaintiff was denied Due Process,
Equal Protection of the Law, access to the Courts and the right to
seek Redress of Grievance in the Courts under the 1st, 5th, 6th, and
14th Amendments, for the State Actors in the State Trial Court refused
to hear the Plaintiff's Recovery Petitions.

-5-

On June 12, 2002, in Ring v Appleton, 01-CV-3261, the Plaintiff filed for Summary Judgment followed by Default Judgment pp. 285-321, arguing with 54 material facts and applicable law the Defendants deprived the Plaintiff of his Constitutional Rights (Amendments 1, 5, 6, and 14) by perpetrating conspiracy, malicious prosecution, prejury, obstruction of justice, in violation of Federal Titles 18 U.S.C. § § 241, 242 and 42 U.S.C. § § 1983, 1985.

Summary Judgment pp. 285-321, filed in State Court pursuant to Plaintiff's Recovery Petition under the S.D.P. Act, 725 ILCS 205/9 made up the Record on Appeal and is the foundation of the case Ring v Knecht, 03-CV-3256, which have spawned decisions on pp. 150-159 listed in Certiorari (Appendix 7). The State Actors in the Illinois State Appellate Court, without Subject Matter Jurisdiction, ignored the Plaintiff's litigation, hired another attorney, relitigated the appeal, squashing all Plaintiff's motions, Record on Appeal, all material fact and then denied the appeal (pp. 209-220). The Defendants, in complicity with the State Actors have deprived the Plaintiff of his Civil and Constitutional Rights (Amendments 1, 5, 6, and 14) perpetrating Obstruction of Justice, Perjury and Conspiracy in violation of Federal Titles 18 U.S.C. § § 241, 242 and 42 U.S.C. § § 1985, 1986.

The United States Court of Appeals for the 7th Circuit and the U.S. Central District Court of Illinois for cases Ring v Appleton and Ring v Knecht refused to acknowledge:

1) The federal jurisdiction of both cases at Title 28 U.S.C. § 1343 (A) (1) (2) (3).
2) Plaintiff's Motion for Summary Judgment pp. 285-321 is an admission to the Court pursuant to the Federal Rules of Civil Procedure pp. 243-253.
3) The Plaintiff can be discharged from civil confinement pursuant to Recovery Petitions filed as a statutory right under the S.D.P. Act 725 ILCS 205/9 (page 133).

-6-

4)  All litigation, <u>Appellant Briefs</u>, <u>Reply Briefs</u>, <u>Rehearing Briefs</u> in both cases.

The Courts in all their decisions keep insisting by perjury, obstruction of justice and conspiracy, that the only way the Plaintiff can be discharged from civil confinement is through the Habeas Corpus Act by declaring the S.D.P. Act, 725 ILCS 205/1.01 et. seq. unconstitutional.

The material fact in Plaintiff's <u>Motion for Summary Judgment,</u> pp.285-321, is an admission to the state trial court (see pp. 1-8, 9-53, 54-58 and 59-62).  The State Court Docket pp. 188-206 is irrefutable and cannot be interpreted in any other way.  The Plaintiff exercise his statutory right to seek discharge by filing <u>Recovery Petitions</u> in State Court.  The Plaintiff did not file a State Habeas Corpus declaring the S.D.P. Act unconstitutional.  The Federal Court decisions in both <u>42 U.S.C. § 1983 complaints</u> 01-CV-3261 and 03-CV-3256 have no subject matter jurisdiction and have joined the Illinois State Courts in perjury, conspiracy, obstruction of justice in violation of Federal Titles, 18 U.S.C. § § 241, 242 and 42 U.S.C. § § 1985, 1986, all proven by plenary material fact.  There are no allegations.

In eight years of litigation two <u>Recovery Petitions</u> pursuant to the S.D.P. Act and two <u>Certioraris,</u> the Plaintiff now files his second <u>42 U.S.C. § § 1985, 1986 complaint</u>.

COMPLAINT

The following arguments put before the U.S. Supreme Court, the Seventh Circuit Court of Appeals and the U.S. Central District Court prove the Defendants have violated all Federal Titles listed, in complicity with State Actors in an action for Neglect to Prevent Conspiracy, Perjury, Obstruction of Justice, by their <u>decisions</u> that have no Subject Matter Jurisdiction.

-7-

1.  The U.S. 7th Circuit Court of Appeals as well as the Court below in their decisions pp. 150-159, had affirmed and joined State Actors, as indicated below, by acts of perjury and conspiracy to obstruct justice in violation of Federal Titles 18 U.S.C. § § 241, 242 and 42 U.S.C. § § 1985, 1986.  The material fact in Plaintiff's Motion for Summary Judgment, No. 01-CV-3261, pp. 285-321 proves State Actors, under color of law, have deprived the Plaintiff of his civil and constitutional rights, Amendments 1, 5, 6, and 14, by perpetrating conspiracy, perjury, obstruction of justice, in violation of State Statutes and Federal Titles, 18 U.S.C. § § 241, 242 and 42 U.S.C. § § 1983, 1985.  (See argument on pp. 136-143)

2.  The U.S. 7th Circuit Court of Appeals as well as the Court below in their decisions, pp. 150-159, has sanctioned and joined State Actors as indicated below, in acts of perjury and conspiracy to obstruct justice, in violation of Federal Titles 18 U.S.C. § § 241, 242 and 42 U.S.C. § § 1985, 1986.  The 42 U.S.C. § 1983 Complaint (No. 03-3256) proves by material fact (pp. 207-220) the State Actors, under Color of State Law, in complicity with State Actors, have conspired to obstruct justice, in deprivation of Plaintiff's Civil and Constitutional Rights (Amendments 1, 5, 6, and 14) in violation of Titles 18 U.S.C. § § 241, 242 and 42 U.S.C. § § 1983, 1985.  (See argument on pp. 143-146) and (pp. 82-85).

3.  The U.S. 7th Circuit Court of Appeals and the Court below have violated Federal Titles 18 U.S.C. § § 241, 242 and U.S.C. § § 1985, 1986, in a conspiracy to subvert Plaintiff's § 1983 actions, depriving him of his First Amendment Rights, making it impossible to access any court or to attain Liberty from Civil Confinement.  (See argument on pp. 146-148)

4.  The courts have subject the Plaintiff to the provisions of 28 U.S.C. § 1915 in deprivation of his Constitutional Rights, Amendments 1, 5, 6, and 14 for the Plaintiff is civilly commited and clearly does not fit in the definition of "Prisoner" pursuant to 28 U.S.C. § 1915 (H) as the provisions of 28 U.S.C. § 1915 are specifically applied to prisoners.  (See argument pp. 71-75, 80-82 and 106-107)

5.  The Judgment Order of November 26, 2003 (pp. 155-159) is in
violation of the Federal Rules of Civil Procedure Rule 12(B)(6) in
that the Relief Requested is clearly, claims upon which relief can
be granted, thus depriving the Plaintiff of his Civil and Constitu-
tional Rights.  (See Argument pp. 75-80)

6.  The Panel Decision of April 27, 2005 (pp. 111-112), Case No.
04-1487, by the U.S. 7th Circuit Court of Appeals is a decision that
is based on three other decisions in related cases that have no
Subject Matter Jurisdiction.  After a De Novo Review of the Appellant
Brief (pp. 63-88) and the Appended Writ of Certiorari (pp. 225-335)
it is impossible for the Court not to be completely aware these
decisions have no Subject Matter Jurisdiction.  These decisions deal
with a Liberty Issue making the question of purposely depriving the
Plaintiff of his Civil and Constitutional Rights (Amendments 1, 5,
6, and 14) A question of exceptional importance.  The decision of
April 27, 2005 (pp. 111-112) has no Subject Matter Jurisdiction. (See
Argument pp. 98-103 and 240-243 and 259-261)

7.  The Central District Court in the Judgment Decision of September
27, 2002 (pp. 266-270) and November 26, 2003 (pp. 155-159) and the
7th Circuit Court of Appeals in Judgment Decisions of March 26, 2004
(pp 262-265) and April 27, 2005 (pp. 150-152) in both 42 U.S.C. §
1983 complaints, make a question of Exceptional Importance by
depriving the Plaintiff of his Civil and Constitutional Rights
(Amendments 1, 5, 6, and 14) by failing to enforce, completely over-
looking all points of law, in totally ignoring the Federal Rules of
Civil Procedure that govern the proceedings.  (See Argument pp. 103-
105 and 243-253)

8.  Without Subject Matter Jurisdiction, the Judgment Decision of
April 27, 2005 (p.p. 111-112) has destroyed Plaintiff's access to
the Court of Civil and Constitutional Rights and is contrary to (16)
U.S. Supreme Court Decisions referenced in the Appellant Brief (pp.
63-88).  (See Argument pp. 108 and 253-259)

-9-

RELIEF REQUESTED

All <u>decisions</u> in <u>Ring v Appleton,</u> 01-CV-3261 and <u>Ring v Knecht,</u> 03-CV-3256 are without Subject Matter Jurisdiction and are null and void. (See pp. 259-261)

The <u>Decision</u> of April 27, 2005 (pp. 150-152) by the Defendants is null and void.  The Relief Requested in the <u>Appellant Brief</u> (pp. 86-87) must be granted.  Summarized as follows:

1. As stated on page 288, damages of $13,150,000.00 for every Defendant in <u>Ring v Appleton,</u> 01-CV-3261.

2. Injunctive Relief of Plaintiff's immediate release from civil confinement, all criminal and civil records must be expunged and all charges dropped.

3. As stated on page 175, damages of $50,000,000.00 for every Defendant in <u>Ring v Knecht,</u> 03-CV-3256.

4. Pursuant 42 U.S.C. § 1986, each Defendant is liable for all damages stated on pp. 175 and 288 for both <u>Ring v Appleton</u> and <u>Ring v Knecht.</u>  Each Defendant of this <u>42 U.S.C § § 1985,</u> <u>1986 Complaint</u> is liable for $342,050,000.00.

5. The Plaintiff also seeks damages from each Defendant in their Personal Capacity as follows:

A) Personal Capacity - Civil Rights $10,000,000.00.
B) Pain and Suffering - $10,000,000.00.
C) Punitive Damages - $20,000,000.00.
D) Each Defendant must be indicted for perjury, obstruction of justice and conspiracy.

NO JURY DEMAND

Signed and sworn to me by John D. Ring on this the 15 day of Feb, 2007.

_____
Notary Public

John D. Ring #B29085, 4-1-21
P.O. Box 900
Ina, Illinois  62846-0900

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

-10-